46 F.3d 1129
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Petitioner-Appellee,
v.
John Henry REEVES, Respondent-Appellant.
 No. 93-7338.
 United States Court of Appeals, Fourth Circuit.
 Submitted: August 2, 1994.
Decided: January 9, 1995.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, District Judge. (CA-93-663-HC-BR)
 John Henry Reeves, Appellant Pro Se.
 Barbara Dickerson Kocher, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before WIDENER and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 John Henry Reeves, a federal prisoner confined at the Federal Correctional Institution at Butner, North Carolina, appeals the district court's finding that he suffers "from a mental disease or defect for the treatment of which he is in need of custody for care and treatment." 18 U.S.C. Sec. 4245 (1988). We affirm.
 
 
 2
 At a hearing on the government's motion to determine Reeves's present mental condition, the court considered Reeves's testimony and that of Dr. Bullard, one of Reeves's treating physicians. Bullard testified that Reeves suffered from Delusional Disorder, Persecutory-Type. Bullard further testified that this was a severe mental illness that manifested itself in Reeves's belief that he was being persecuted by the government, specifically the Bureau of Prisons. Reeves's testimony supported Bullard's diagnosis to the extent that Reeves stated he was being punished for filing other lawsuits against the government. This was contradicted by evidence that the staff at FCI-Butner was working in Reeves's best interests by seeking to secure for him an early parole release date. Moreover, Bullard's diagnosis was supported by Reeves's refusal to allow an independent court-appointed doctor to examine him out of a fear that this doctor was part of a conspiracy.
 
 
 3
 Because the district court's finding was not clearly erroneous, see United States v. Steil, 916 F.2d 485 (8th Cir.1990), we affirm the decision of the district court.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 We also deny Reeves's motion for a temporary restraining order to prevent his forced medication. The issue of forced medication was not raised in the district court and is not part of the district court's order. Under Fed. R.App. P. 8(a), a motion for "an injunction during the pendency of an appeal must ordinarily be made in the first instance in the district court" unless shown to be impractical. Reeves has not made such a showing